**XIANG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

**No. 06–3825–ag.**

United States Court of Appeals, Second Circuit.

Aug. 3, 2007.

Benjamin B. Xue, New York, NY, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Kevin M. Mulcahy, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiang Chen, a native and citizen of China, seeks review of a July 17, 2006 order of the BIA affirming the March 14, 2005 decision of Immigration Judge ("IJ") William Jankun denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). See In re Chen, No. A98–353–513 (B.I.A. July 17, 2006), aff'g No. A98–353–513 (Immig. Ct. N.Y. City March 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir.2005). The Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ's finding that Chen was not credible, which was upheld by the BIA, was proper. The finding was based entirely on either internal inconsistencies or information he provided contradictory to other evidence, and several of these inconsistencies focused on details of Chen's alleged involvement with Falun Gong.

Additionally, Chen failed to establish eligibility for asylum based on future persecution. He was not entitled to a presumption of a well-founded fear of future persecution as he did not establish past persecution. See 8 C.F.R. § 1208.16(b)(1). Nor did he provide any evidence to substantiate his testimony that he was currently a Falun Gong practitioner. That omission undercut his claim, because such corroboration was reasonably expected. See Diallo v. INS, 232 F.3d 279, 285–86 (2d Cir.2000) (this Court defers to the BIA's rule that "[w]hile consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected").

The IJ's decision to deny withholding of removal was proper, as the only evidence of a threat to Chen's life or freedom depended upon his credibility. See Wu Biao Chen v. INS, 344 F.3d 272, 275–76 (2d Cir.2003). The IJ's decision to deny CAT relief on a finding that Chen was not credible also was proper, as this was the only basis that Chen had offered to support his request for relief. See Xue Hong Yang, 426 F.3d at 523 (where the facts about which the applicant is found not credible form the only potentially valid basis for his or her CAT claim, the adverse credibility finding can be properly relied on to deny CAT relief).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request

for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).